IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOHN PAUL THOMAS, | ) | 4:17CV3048 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| MENTAL HEALTH ASSOCIATION OF NEBRASKA, | ) | |
| Defendant. | ) | |

Plaintiff, John Paul Thomas, filed this case on April 17, 2017, and was granted leave to proceed in forma pauperis on April 19, 2017. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges Defendant, Mental Health Association of Nebraska ("MHA"), a non-profit corporation, terminated his employment in violation of the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 *et seq.*, because he is male and because he reported a female employee was having sexual relations with MHA's parolee clients.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court must also satisfy itself that subject matter jurisdiction exists. *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 774 n. 1 (8th Cir. 2014) (it is the duty of district courts to assure themselves of federal jurisdiction in every case before them).

### *III. DISCUSSION*

Plaintiff alleges the court has jurisdiction under 28 U.S.C. § 1343(3), which provides: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]" Plaintiff's jurisdictional allegation is incorrect.

As explained in *Liles v. Reagan*, 625 F. Supp. 1470, 1475 (D. Neb.), *aff'd*, 804 F.2d 493 (8th Cir. 1986):

> [F]ederal courts are granted jurisdiction under 28 U.S.C. § 1343 to vindicate only federal rights. *See, e.g.*, *Brown v. Board of Bar Examiners of State of Nevada,* 623 F.2d 605, 609-10 (9th Cir.1980) and *Ronwin v. State Bar of Arizona,* 686 F.2d 692, 698 n. 6 (9th Cir.1981) (stating that the jurisdictional limitation stems from the express language of Section 1343), *reversed on other grounds*, *Ronwin v. Hoover,* 466 U.S. 558, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984). "[S]ection 1343(3) only provides jurisdiction over claims that state officials have violated a constitutional right or federal statute providing for equal rights." *Redd v. Lambert,* 674 F.2d 1032, 1035 (5th Cir.1982). *See also*, *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

In other words, the phrase "authorized by law" in § 1343(a)(3) does not include any law, state or federal; rather, jurisdiction is limited to any action to redress the deprivation of a right secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens.

Claims arising under NFEPA can be brought in federal court when there is diversity jurisdiction under 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]") or supplemental jurisdiction under 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."), but Plaintiff's allegations fail to establish that either statute applies in this case. Both parties appear to be Nebraska citizens and Plaintiff is not claiming that his termination violated the United States Constitution or any federal statute (which would give rise to original jurisdiction under 28 U.S.C. § 1331).

## IV. CONCLUSION

The court does not have subject matter jurisdiction over the state-law claims alleged in Plaintiff's Complaint.

IT IS THEREFORE ORDERED:

1,     This action is dismissed without prejudice.

2.     Judgment will be entered by separate document.

DATED this 17th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge